# Purifoy, Auditor, &c. v. Andrews, Treasurer, &c.

## Application for Mandamus.

1.   *Act to pay solicitors' salaries; counties' right to surplus in the state
treasury.*—Under the provisions of the "act to pay solicitors' salaries,"
approved February 28, 1887, (Acts 1886–87, p. 161), there must be an-
nual adjustments and ascertainments of the surpluses of solicitors'
fees paid into the state treasury over and above the salaries of solic-
itors, by deducting the aggregate of the salaries of solicitors from
the aggregate of all solicitors' fees paid into the state treasury during
the preceding year, from whatever source derived; and each county
is then entitled to receive its proportionate share in the remainder.

2.   *Same; computation without regard to judicial circuits or act of
February 25, 1889.*—Such annual adjustments and ascertainments
must be made without regard to the judicial circuits, and are un-
affected by the act approved February 25, 1889, (Acts 1888–89, p. 55),
providing for payments out of the state treasury of the costs in cases

[Purifoy, Auditor, &c. v. Andrews, Treasurer, &c.]

where the defendants are sentenced to imprisonment in the peni-
tentiary.

3. *Mandamus, to compel auditor to draw warrant for counties' shares of
surpluses in state treasury from solicitors' fees.*—After adjustment and
ascertainment of the surplus of solicitors' fees in the state treasury,
over and above the salaries paid solicitors, as provided by act of Feb-
ruary 28, 1887, (Acts 1886–87, p. 161), the auditor must draw his war-
rants on the treasurer in favor of the counties, respectively, for the
several sums ascertained to be due them; and upon his refusal to do
so, he may be compelled thereto by *mandamus.*

APPEAL from the City Court of Montgomery.

Heard before the Hon THOS. M. ARRINGTON.

The appellee, W. D. Andrews, as treasurer of Barbour
county, filed his petition, addressed to the judge of the
city court of Montgomery, praying for a writ of *man-
damus* to compel the appellant, John Purifoy, as Auditor
of the State of Alabama, to draw his warrant on the
state treasurer, in favor of the petitioner for the sum of
$2,417.29, the amount alleged to be due to the county of
Barbour out of the surplus money alleged to be in the
state treasury, arising from solicitors' fees which accrued
during the years 1889, 1890, 1891 and up to September
30, 1892, after paying the solicitors' salaries during that
time.

The petition alleged that according to the report of
the Auditor for the year ending September 30, 1892,
there was in the state treasury, after paying the solic-
itors and their assistants, a surplus amounting to $39,-
533.86; that $8,002.98 of said sum arose from fees paid
into the treasury from the several counties composing
the third judicial circuit, and that of said sum the
county of Barbour was entitled to have returned or paid
to it the sum of $2,417.29. The alleged right to the
fund in question, on the part of the appellee, is based on
the act approved February 28, 1887, to pay salaries to
solicitors instead of the fees which they earned, and to
require their fees paid into the state treasury. (Acts
1886–87, p. 161.)

To the petition the Auditor filed his answer denying
that his report showed any amount of surplus money in
the state treasury after paying the salaries of solicitors,
and pointing out that the matter shown by said report
was only an amount of solicitors' fees retained in the
state treasury, under the provisions of the act of Feb-

ruary 25, 1889, to provide for the payment of costs of conviction in cases where defendants are sentenced to the penitentiary. (Acts 1888–89, p. 55.)

The auditor then, as part of his answer, filed certain tabulated statements showing, as he avers, the true state of the fund arising from solicitors' fees paid into the state treasury, and retained in the treasury under the act aforesaid, for the time in question, to-wit: 1. A statement showing the amount of solicitors' fees collected and paid into the state treasury, from each county, in each circuit, for each of the years 1887 to 1892, inclusive; the total amount so collected and paid in from each of said counties during said years, and the total amount so collected and paid in from the entire State during the same time. 2d. A statement showing the amount of solicitors' fees retained in the state treasury, under the provisions of the act of February 25, 1889, aforesaid, by circuits and counties for each of said years, the aggregate so retained from each circuit, and for the entire State, amounting to $39,326.16. 3. A statement showing the amount of salaries paid to solicitors from the first day of August, 1887, when the salary system went into effect, to the 30th of September, 1892. 4. A statement showing the amount of said fees collected and paid in from each judicial circuit, and from the county of Montgomery. Also, a statement showing the amount retained under the act of February 25, 1889, aforesaid, as to each circuit and Montgomery county. 5. A statement showing the amount of salary paid to the solicitor of each circuit and the county of Montgomery for the time in question.

The Auditor further alleges that after paying the salaries of the several solicitors, from the time the salary system went into operation to the close of the fiscal year, September 30, 1892, there is no surplus money in the state treasury arising from solicitors' fees collected and paid in under the provisions of the act of February 28, 1887, to pay salaries to solicitors, etc., but that there is a deficit of $25,649.35; but if the said sum of $39,326.16 of fees retained in the treasury under the act of February 25, 1889 is to be considered, and if said sum is to be included within the contemplation of the act of February 28, 1887, aforesaid, then and in that event there

would be a surplus of fees above salaries paid for the time in question, amounting to $13,676.81, and in that event, and if the law authorized the payment of such surplus back to the counties in proportion to the amounts severally paid into the treasury by them, including said fees retained, there would be a surplus of $379.88 due to the county of Barbour, and no more.

But the Auditor insists that the fees retained in the state treasury as aforesaid constitute no part of the fees collected and paid into the treasury as contemplated by the act of February 28, 1887 ; that said act does not in in any event authorize him to draw his warrant on the treasurer for any surplus that may remain in the treasury after paying the salaries of solicitors ; that said act fixes no time when such surplus shall be paid, fixes no rule by which the same shall be ascertained, and makes no appropriation of the money in the treasury to pay any warrant which respondent might draw on such surplus, and that said act is nugatory, and can not be carried out without further legislation.

The several tabulated statements referred to were admitted as true. Upon the hearing of the cause, the judge of the city court granted the writ of *mandamus*, commanding the Auditor to draw his warrant in favor of the appellee on the state treasurer for the amount of $379.88. The respondent brings this appeal, and assigns this judgment and order as error.

W. L. MARTIN, Attorney General, for appellant.—The fees referred to in the act, a surplus of which after paying salaries was to be returned to the counties, are fees collected from defendants and paid into the treasury, and fees collected from the hire of county convicts and paid into the treasury. The fees which are taxed against defendants in penitentiary cases but not collected and paid into the treasury are not to be considered. Although in penitentiary cases the State advances the costs of conviction—deducting the solicitors' fees if earned by a salaried solicitor—the costs are not paid ; they remain a charge against the defendant, to be collected by execution. "The solicitor's fee is, therefore, never in the treasury until it is collected by the clerk from the defendant, and by the clerk paid in."—*Hogue v. Matthews*, 89 Ala. 308, 8 So. Rep. 241; Acts 1888–89, pp. 55, 91. The

statute must be liberally construed in the interest of the State.—*Pollard v. Brewer*, 59 Ala. 130; *Skinner v. Dawson*, 87 Ala. 348, 6 So. Rep. 428.

LEE & LEE and MOORE & FINLEY, *contra.*—Under the provisions of the act approved February 28, 1887 (Acts 1886–87, p. 161), after the solicitors and their assistants have respectively been paid the amounts therein provided for them, the surpluses shall be paid into the fine and forfeiture fund of the respective counties in direct proportion to the amounts received from the counties respectively; and the act is a legislative enactment and appropriation of the amounts ascertained to be due to the fine and forfeiture fund of the counties, now retained in the state treasury, and is authority to the Auditor to draw his warrant for that sum in favor of the county treasurers of the several counties.—17 Ala. 527; *Chisholm v. McGehee*, 41 Ala. 192; *Reynolds v. Taylor*, 43 Ala. 420; *Commissioners Court of Mobile v. Turner*, 45 Ala. 199; *Weaver v. Brewer*, 61 Ala. 318; *Smith v. Speed*, 50 Ala. 276; 31 La. Ann. 142; (State v. Jumel); *State v. Kenney*, 9 Mont. 389; *Carr v. State*, 127 Ind. 204; *Evans v. McCarthy*, 42 Kan. 426; *State v. Holladay*, 65 Mo. 76; *Rice v. State*, 95 Ind. 33.

*Mandamus* will lie to compel an officer to audit a claim or perform a duty imposed by law.—14 Amer. & Eng. Encyc. of Law, p. 145, § 4; *State v. Gates*, 22 Wis. 210; *State v. Secretary of State*, 33 Mo. 293; *Burkhart v. Reid*, (Idaho) 22 Pac. Rep. 1; *Isle Royal Land Co. v. Secretary of State*, 76 Mich. 162; *State v. Doyle*, 38 Wis. 92.

The only reasonable construction that can be given to the above act is that the solicitors' salaries of the circuit must be paid out of the convictions which have been obtained in the various counties in the circuit. After this is done, if there is a remainder left in the state treasury, above the amount required to pay the solicitor's salary of the circuit, then the remainder must be distributed among the counties of said circuit in proportion to the amount that each county paid in.

HEAD, J.—The act approved February 28, 1887, entitled "An act to pay solicitors' salaries instead of the fees, which they now receive, and to require said fees to be paid into the state treasury," (Acts 1886–87, p. 161),

which act took effect August 1, 1887, requires all solic-
itors' fees collected by any officer, and all such fees col-
lected from convicts thereafter convicted and confined
at hard labor for any county, to be paid into the state
treasury. The act also provides that solicitors shall be
paid an annual salary of $3,000. Solicitors' fees ac-
cruing in county courts are required to be paid into the
county treasuries, respectively; and salaries of assist-
ant solicitors, payable out of the county treasuries are
prescribed. The act also provides, "That the surplus
money paid into the state treasury and county treasur-
ies under the provisions of this act, after the solicitors
and their assistants have respectively been paid the
amounts herein provided for them, shall be paid into the
fine and forfeiture fund of the respective counties in di-
rect proportion to the amount received from the coun-
ties respectively." On February 25, 1889, an act was
passed (Acts 1888–89, p. 55) requiring the State to pay
out of the treasury the costs (not to exceed $150 in any
case) in all cases where the defendants were sentenced
to imprisonment in the penitentiary; and by the same
act it was provided that no contractor or person hiring
state convicts shall pay costs to any clerk. Prior to this
act, and subsequent to the act of February 28, 1887, all
solicitors' fees were collectible by the clerks, and by
them, when collected, paid into the state treasury, save
as to fees in the county courts which they paid into the
county treasuries; and this continued to be the case after
February 25, 1889, except that the clerks were power-
less to collect the fees accruing in cases where defend-
ants were sentenced to the penitentiary.

We think the act entitled "An act to pay solicitors'
salaries" &c., which went into effect August 1, 1887,
contemplates annual adjustments and ascertainments
of the surpluses of fees over and above the salaries of
solicitors, and that all solicitors' fees covered into the
state treasury, during the preceding year, from what-
ever source derived, are to be taken into the adjustment;
and each county is then entitled to receive its propor-
tionate share of all such fees ascertained after deduction
of the amounts of solicitors' salaries for that year.

We find no provision for the application of solicitors'
fees, received into the treasury, or any class of such fees,
to the State's reimbursement, for costs paid out of the

treasury, under the act of February 25, 1889. Those costs are payable out of the treasury generally, and no special revenue is created out of solicitors' fees, or otherwise, for their reimbursement; but the statute is plain that all such fees received into the treasury, after paying the solicitors' salaries, shall be paid to the counties. Manifestly, fees charged up to the clerks, under the act to regulate the payment and collection of solicitors' fees into the state treasury, approved February 28, 1889, (Acts 1888–89, p. 91), but not actually paid into the state treasury at the time of the annual adjustment, do not enter into that adjustment.

But, there is no room for the contention, in any of the statutory provisions to which our attention has been called, that the adjustment and ascertainment of surpluses shall be made by judicial circuits. No such purpose is expressed, and no reason shown why it should be so inferred. On the contrary, the intent is most obvious that they should be made with reference to the whole State—all the counties thereof; the aggregate of all the salaries of solicitors to be deducted from the aggregate of all solicitors' fees received during the year into the state treasury; the proportionate share of each county in the remainder to be computed and paid over to it.

The agreed facts show that, under the principles above announced, Barbour county is entitled to $379.88. We think the statute contemplates that the Auditor shall draw his warrants on the Treasurer, in favor of the counties, respectively, for the sum ascertained to be due them, and that, on refusal, he may be compelled thereto by *mandamus*. The conclusion of the city court was in accordance with our views, and its judgment is affirmed.